UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS MORALES,

    Plaintiff,

vs.

K. CRUSE and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,

    Defendants.
                                 /

No. C 09-3312 PJH (PR)

**ORDER OF SERVICE**

    Plaintiff, a prisoner at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

    Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

## DISCUSSION

**A.**    **Standard of Review**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

///

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Defendants**

Plaintiff has named two defendants, K. Cruse, a correctional counselor, and the California Department of Corrections and Rehabilitation. The CDCR cannot be sued in federal court. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985) (Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (11th Amendment bars federal court claims against state, regardless of the relief sought); *Alabama v. Pugh,* 438 U.S. 781, 782 (1978). The claim

against the CDCR will be dismissed with prejudice.

**C.     Legal Claims**

Plaintiff alleges that the CDCR has adopted a new way of controlling inmates using a "Behavior Management Unit," or "BMU."  Defendant Cruse was the chairperson of the committee that classified plaintiff for BMU placement.  Those participating in the BMU program apparently are limited in the property they are allowed to have; their visiting privileges are restricted compared to general population inmates; they have restrictions on their canteen purchases, and are required to participate in behavior modification programs or self-help programs.  Plaintiff contends that the program violates his due process rights, including his right to notice; constitutes double punishment; is ex post facto; and violates various provisions of state law.  These allegations are sufficient to require a response.

## CONCLUSION

For the foregoing reasons,

1.  Plaintiff's claims against the California Department of Corrections and Rehabilitation are **DISMISSED** with prejudice.  His motion for service (document number 3 on the docket) is **GRANTED**.

2.  The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on the following defendant:  K. Cruse, Correctional Counselor II.  Plaintiff states that he can be found at Pelican Bay State Prison in Crescent City, California.

3.  In order to expedite the resolution of this case, the court orders as follows:

a.  No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due.

3

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

c. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: 1/19/10

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.09\MORALES3312.serve.wpd

4