UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| JOSE LUIS MORALES, | | |
| | Plaintiff, | No. C 09-3312 PJH (PR) |
| vs. | | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| K. CRUSE and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | | |
| | Defendants. / | |

This is a civil rights case filed pro se by a state prisoner. Defendants have filed a motion to take judicial notice that plaintiff is no longer subject to the program and that it has been discontinued at Pelican Bay, and a motion to dismiss the case as moot. Plaintiff has opposed the motion to dismiss and defendants have filed a reply. For the reasons set out below, the motions will be granted.

**DISCUSSION**

**I.     Motion for Judicial Notice**

Plaintiff contends that his constitutional rights were violated by his placement in what is called the ""Behavior Management Unit," or "BMU." He alleges that those participating in the BMU program are limited in the property they are allowed to have; their visiting privileges are restricted compared to general population inmates; they have restrictions on their canteen purchases, and they are required to participate in behavior modification programs or self-help programs.

Defendants ask that the court take judicial notice that plaintiff has been released from the BMU program and that the program has been discontinued at Pelican Bay,

1 supporting the request with copies of official records. The motion is unopposed, and
2 plaintiff concedes in his opposition to the motion to dismiss that he has been released and
3 the program discontinued. The motion for judicial notice will be granted.

**II.    Mootness**

The jurisdiction of federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. *Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996).

Plaintiff asks for injunctive relief only. He has been released from the BMU, and the program is no longer operating at his prison. He points out in his opposition that the notices of discontinuance given out at the prison say that the program was discontinued for budgetary reasons, which suggests that the authorities have not soured on it, and that the provisions for the BMU program remain in the Department of Corrections and Rehabilitation's regulations. *See* Cal. Code Regs. tit. 15 § 3334. It thus does appear that the program might be reinstituted in the future. But even if the BMU program were reinstituted, plaintiff would not be subject to it unless he misbehaved and was assigned to it by the classification committee. The Supreme Court has held in an analogous situation that a future consequence that turns on disobeying the law is not sufficient to defeat mootness. *See Spencer v. Kemna*, 523 U.S. 1, 13-16 (1998) (in determining whether parole revocation claim was moot when prisoner had completed serving revocation term, possibility he would be subject to another revocation in future not sufficient to avoid mootness). This is, apparently, because in considering mootness the courts assume as a matter of policy that the litigant will conform his or her conduct to the requirements of the law. *See id.* at 15 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974)). Such an

assumption is appropriately applied here, and as a consequence plaintiff's argument is without merit. The motion will be granted.

## CONCLUSION

Defendants' motions for judicial notice (document number 15 on the docket) and to dismiss (document 14) are **GRANTED**. This case is **DISMISSED** as moot.

**IT IS SO ORDERED.**

Dated: January 27, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.09\MORALES3312.moot.wpd