UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JOSE LUIS MORALES,

    Plaintiff,

vs.

K. CRUSE and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,

    Defendants.

No. C 09-3312 PJH (PR)

**ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT**

    This is a civil rights case filed pro se by a state prisoner. The court granted defendants' motion to dismiss the case as moot. Plaintiff has filed a motion to alter or amend the judgment.

    A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *Id.* at 1256. Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

    Plaintiff's claim was that his constitutional rights were violated by his placement in what is called the ""Behavior Management Unit," or "BMU." He requested only injunctive relief. In the order granting the motion to dismiss, the court granted defendants' motion to

take judicial notice of official records showing that plaintiff had been released from the BMU program and that the program had been discontinued at Pelican Bay. In granting the motion the court said that "the motion is unopposed, and plaintiff concedes in his opposition to the motion to dismiss that he has been released and the program discontinued."

One ground for the motion to reconsider now before the court is plaintiff's contention that as a pro se litigant he did not know that he had to separately oppose the motion for judicial notice; he believed he "could address it within the opposition to the motion to dismiss, which he did." Contrary to this assertion, the opposition did not contain any grounds for not taking judicial notice of the records. Furthermore, as the court's reference in the ruling to plaintiff's concession in his opposition that he had been released shows, the court considered the contents of the opposition. This ground for reconsideration is meritless.

Plaintiff also contends that his placement in the BMU program is capable of repetition because when the program was in operation, transferees to the prison were placed in it for sixty days. *See Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir. 1994) (exception to the mootness doctrine exists where a claim is "capable of repetition yet evading review."). This fact was not raised in opposition to the motion to dismiss, and plaintiff has not established that it is new evidence that could not have been provided at the time of ruling. Furthermore, the mere fact that new arrivals at Pelican Bay were placed in the BMU program does not establish a reasonable expectation that plaintiff, who after all is already at Pelican Bay, will be subjected to the same action again. *See Porter v. Jones*, 319 F.3d 483, 489-90 (9th Cir. 2003) ("reasonable expectation" standard).

The motion to alter or amend the judgment (document 21 on the docket) is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 13, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.09\MORALES3312.recon.wpd

2